UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| RAE-ELLA WHITELEY, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner, )<br>Social Security Administration, )<br>)<br>Defendant ) | 1:13-cv-00469-JAW |

**RECOMMENDED DECISION ON MOTION FOR ATTORNEY FEES**

In this social security action, the Court ordered a remand for further proceedings following Defendant's filing of an unopposed motion to remand. (Order, ECF No. 11.) On remand, Defendant awarded benefits to Plaintiff, including past-due benefits in the amount of $64,720.

The matter is before the Court on counsel's request for fees pursuant to 42 U.S.C. § 406(b) (Motion for Award of Fees, ECF No. 16). Through the motion, counsel seeks an attorney fee award based on the 25% contingent fee agreement that counsel has with Plaintiff. Because Defendant has already approved a fee of $6,000 for post-remand work, pursuant to § 406(a), counsel seeks an additional award of $10,180 through this motion.[1] (Motion at 1.) As a contingent fee, the amount would be based on Plaintiff's past-due benefits.

While the 25% contingent fee agreement[2] between Plaintiff and her counsel is reasonable and customary, *Ezekiel v. Astrue*, 853 F. Supp. 2d 177, 179 (D. Me. 2012), the Supreme Court has

---

[1] The $6,000 administrative award reflects the maximum award available under the social security program. The administrative limitation on counsel's recovery effectively compelled the instant motion in order for counsel to recover an additional amount. Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080-02 (Feb. 4, 2009); see also 42 U.S.C. § 406(a)(2)(A).

[2] Contingent Fee Agreement, ECF No. 16-2.

directed courts to review fee motions to ensure "that they yield reasonable results in particular cases" and do not result in undeserved windfalls. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Counsel asserts that he worked 3.65 hours on this matter, and that a paralegal worked 0.75 hour. Counsel represents that his usual and customary hourly rate for legal services is $350 per hour.

Defendant does not object to a further attorney fee award in this case. Defendant, however, notes that an additional award of $10,180 for the time devoted on the matter would result in an effective hourly rate of $2,313.64. (Response at 3, ECF No. 17.) Defendant contends that such an award would be unreasonable given the voluntary remand and the relatively minimal hours expended. (*Id.* at 5.) Defendant did not suggest an alternative award.

In support of his request, counsel represents that a contingent fee award helps to compensate for his representation of many other claimants, for which representation he was not compensated given that the Court has denied all relief in 13 cases filed by counsel this year (through October 27, 2015). (Reply at 2 – 3, ECF No. 18.) Counsel also observes that Plaintiff achieved an excellent result; that Plaintiff likely will receive benefits for many years into the future, and that personal injury claimants routinely pay much higher fees for similar results. (*Id.* at 3.) Finally, counsel maintains that current "trends" in social security litigation have increased the risk of contingent fee agreements and that "it is necessary to periodically have a case or two where the financial reward is disproportionate to the amount of time expended simply in order to survive financially and to continue to do this work." (*Id.* at 4.)

In *Ezekiel*, on facts that are not materially dissimilar,[3] the Court granted a fee award, but limited the award to triple counsel's usual and customary hourly rate. *Ezekiel*, 853 F. Supp. 2d at

---

[3] *Ezekiel* similarly involved a voluntary remand in advance of any merits briefing. The Court characterized "the immediate remand" as "a not-to-be expected and an unearned outcome" that called for some reduction in light of *Gisbrecht*. *Ezekiel v. Astrue*, 853 F. Supp. 2d at 180.

181. The Court regretted the "imprecision" of that approach, but concluded that the reduction was warranted. *Id.* The Court noted that the end result (the administrative award plus the court award) was a contingent fee of approximately 19.5% based on the past-due benefits in the case. *Ezekiel*, 853 F. Supp. at 181 n.10.[4]

In this case, as in *Ezekiel*, the ultimate inquiry is whether "the contingency fee constitutes an unearned advantage to the attorney – such that the fee award may be considered a windfall." *Ezekiel*, 853 F. Supp. at 179 – 180 (citing *Jeter v. Astrue*, 622 F.3d 371, 377 (5th Cir. 2010)). When making this assessment, a court must be mindful, as was the Court in *Ezekiel*, of the nature and role of the contingent fee.

Although the availability of the statutory fee in social security matters provides incentive for counsel to represent claimants, the fee is limited to the amount of time devoted to the matter. The statutory fee does not permit counsel to recoup their time on the matters on which they do not prevail. For that reason, courts have recognized that contingent fee agreements are often necessary to assure access to the courts. *Sykes v. Comm'r of Soc. Sec.*, --- F. Supp. 3d ---, No. 12-cv-14874, 2015 WL 7008572, at *3 (E.D. Mich. Nov. 12, 2015) ("judicial review of fees received under a contingent fee agreement must account for the fact that, by their nature, such agreements inherently will overcompensate the attorney in some cases and undercompensate him in others"); *Longtine v. Colvin*, 936 F. Supp. 2d 1082, 1084 (S.D. Iowa 2013). Consistent with that view, an award based on a contingent fee is appropriate in this case. The issue is whether the contingent fee should be reduced from the 25% fee to which Plaintiff and counsel agreed.

---

[4] In this case, application of the *Ezekiel* tripled-loadstar approach would yield an award of $4,620. Combined with the administrative award of $6,000, the total award of $10,620 would be 16.4% of Plaintiff's past-due benefits, a sizeable reduction of the agreed-upon 25% contingent fee rate.

While counsel efficiently obtained a very favorable result for Plaintiff, because Defendant agreed to a remand relatively soon after the filing of the complaint in federal court, counsel's time devoted to the matter is modest.  Given the limited amount of time, in accordance with the Supreme Court's decision in *Gisbrecht* and this Court's reasoning in *Ezekiel*, a reduction in the 25% contingent fee is appropriate.  In particular, a contingent fee in the approximate percentage awarded in *Ezekiel* (19.5%) is reasonable in this case.  The fee would acknowledge the quality and value of counsel's representation, yet recognize the modest amount of time that counsel had to devote to the matter.

The recommendation, therefore, is that the Court approve a fee in the amount of 20%, which would result in a fee of $12,944, which would be reduced by the $6,000 administrative award for an additional award of $6,944.  The award would be subject to the requirement that counsel pay Plaintiff $753.26, which is the amount of the Court's earlier award under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).[5]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

---

[5] Counsel is required to refund to his client the lesser of the two awards.  Contingent Fee Agreement § F; *see also* 42 U.S.C. § 406(b)(1)(A);  An Act to amend section 504 of title 5, United States Code, and section 2412 of title 28, United States Code, with respect to awards of expenses of certain agency and court proceedings, and for other purposes, Pub. L. No. 99–80, § 3, 99 Stat. 183, 186 (1985) (28 U.S.C. § 2412 note).

   Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

               /s/ John C. Nivison
               U.S. Magistrate Judge

Dated this 8th day of December, 2015.